IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN WESLEY FOWLER,<br>Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-949-P |
| COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br>Defendant. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate are as follows:

## FINDINGS AND CONCLUSIONS

### I.    STATEMENT OF THE CASE

Plaintiff John Wesley Fowler ("Fowler") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). Fowler protectively filed his applications on November 6, 2019, alleging that his disability began on April 1, 2012. (Transcript ("Tr.") 90, 370, 374.) After his applications were denied initially and on reconsideration, Fowler requested a hearing before an administrative law judge ("ALJ"). (Tr. 288.) The ALJ held a hearing on October 7, 2021, and issued a decision on November 9, 2021, denying Fowler's applications for benefits. (Tr.

1

90-98.) On August 2, 2022, the Appeals Council denied Fowler's request for review, leaving the ALJ's November 9, 2021 decision as the final decision of the Commissioner. (Tr. 1–4.) Fowler subsequently filed this civil action seeking review of the ALJ's decision.

## II.    STANDARD OF REVIEW

SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq*. of the SSA, along with numerous regulatory provisions. 20 C.F.R. Pt. 416. Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). And fifth, the

impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir. 1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley,* 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000); *Hollis,* 837 F.2d at 1383.[1]

### III.    ISSUES

In his brief, Fowler presents the following issues:

1.  Whether the ALJ failed to consider impairments that were supported by the record;

2.  Whether the ALJ's RFC determination and step-five finding are vague and undefined; and

---

[1] There are four elements of proof that must be weighed in determining whether substantial evidence of disability exists: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir. 1991).

3

3.   Whether the ALJ failed to properly consider Fowler's subjective symptoms.

(Plaintiff's Brief ("Pl.'s Br.") at 1.)

## IV.    ALJ DECISION

In his November 9, 2021 decision, the ALJ performed the five-step sequential evaluation process for determining whether a person is disabled. (Tr. 92-98.) At Step One, the ALJ found that Fowler had not engaged in substantial gainful activity since April 1, 2012, the alleged onset date. (Tr. 92.) At Step Two, the ALJ determined that Fowler suffered from the following "severe" impairments: "hypertension, degenerative disc disease (DDD) cervical spine, osteoarthritis (OA) left shoulder, [and] migraine headaches." (Tr. 93.) At Step Three, the ALJ found that Fowler did not have an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 93.)

As to Fowler's RFC, the ALJ stated: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except frequent left overhead reaching and left fine manipulation. Must avoid exposure to excessive noise and bright lights." (Tr. 95 (emphases omitted)). Based upon this RFC assessment and the testimony of a vocational expert ("VE"), at Step Five the ALJ concluded that jobs existed in significant numbers in the national economy that Fowler could perform. (Tr. 97.) Accordingly, the ALJ found that Fowler was not disabled. (Tr. 98.)

## V.    DISCUSSION

### A. Consideration of All Impairments

In his brief, Fowler first argues that the ALJ erred by failing to consider two impairments: (1) "moderate AC joint arthrosis" in his right shoulder; and (2) "lumbar and related impairments." (Pl.'s Br. at 3-7). Fowler notes that, while the ALJ mentioned his moderate AC joint arthrosis, the

ALJ failed to consider whether any work-related limitations were appropriate because of it. (Pl.'s Br. at 3-5). Further, Fowler claims that the ALJ similarly ignored his lumbar and related impairments. (Pl.'s Br. at 5). Fowler argues that the ALJ's erred by failing to consider these impairments when making the RFC determination. (Pl.'s Br. at 3-7).

### 1. Right Shoulder AC Joint Arthrosis

As to Fowler's argument that the ALJ errored by failing to include limitations for his moderate AC joint arthrosis, Fowler has not presented any non-conclusory or non-speculative evidence showing how his arthrosis would impact his ability to work in a manner not already accounted for in the ALJ's RFC determination. *See, e.g., McDaniel v. Colvin*, No. 4:13-CV-989-O, 2015 WL 1169919, at *4-5 (N.D. Tex. Mar. 13, 2015); *Lewis v. U.S. Comm'r Soc. Sec. Admin.*, No. 07-CV-1617, 2008 WL 5459741, at *2 (W.D. La. Dec. 1, 2008) (affirming when claimant raised the lack of specific discussion of obesity but did not identify any obesity-causing limitation that was not considered by the ALJ). While Fowler points out that the ALJ noted the diagnosis, he points to no evidence in the record to establish that any further limitations are appropriate. The mere presence or diagnosis of some impairment is not disabling *per se*. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *Martinez v. Astrue*, No. 4:10-CV-883-Y, 2011 WL 3930219, at *8 (N.D. Tex. Aug. 18, 2011) ("[T]he mere diagnosis of a mental impairment such as depression 'says nothing about the severity of the condition.'") (quoting *Parra v. Astrue*, No. 4:07-CV-443-Y, 2009 WL 49999, at *5 (N.D. Tex. Dec. 3, 2008)). Thus, while Fowler has moderate AC joint arthrosis, there is no evidence, in the record or presented by Fowler, indicating that this diagnosis warranted further discussion by the ALJ nor further limitations in the RFC. Accordingly, remand is not required as to this issue.

## 2. Lumbar and Related Impairments

In his reply, Fowler argues that his lumbar and related impairments were not properly considered because of a lumbar MRI "performed just a little more than one month after the ALJ's Decision." (Plaintiff's Reply at 3). The MRI results were submitted to the Appeals Council and it determined that the evidence was not relevant to the determination of whether Plaintiff was disabled on or before the date of the ALJ's decision. (Tr. 2). Fowler argues that this evidence is determinative because the ALJ failed to develop the record properly. (Pl.'s Br. at 3).

Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. § 404.970 (as modified by 81 Fed. Reg. 90,987 (Dec. 16, 2016)); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Rodriquez* at 332. The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not *per se* require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010). "A court considering [the] final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record

to such an extent that the ALJ's decision becomes insufficiently supported." *Lee*, 2010 WL 3001904, at \*7 (citing *Higginbotham II*, 163 F. App'x at 281-82).

Based on the foregoing, the issue before the Court is whether the MRI results, submitted by Fowler to the Appeals Council after the ALJ's decision, diluted the record to such an extent that the ALJ's determination became insufficiently supported.  In this case, it is clear that the Appeals Council considered the MRI.  As noted in the Notice of Appeals Council Action, the Appeals Council stated that it had looked at various records, including the relevant records from John Peter Smith Hospital dated December 2-15, 2021. (Tr. 2; *see* Tr. 8-84.) The Appeals Council found that such information did not affect the ALJ's decision about whether Fowler was disabled beginning on or before November 9, 2021, the date of the ALJ's decision, because this new information was about a later time. (Tr. 2).  Even assuming without deciding that the MRI was relevant to the applicable time period being considered by the ALJ, it does not show that Fowler's alleged impairments affected his ability to work beyond what had already been considered by the ALJ.  The ALJ considered and discounted Fowler's alleged lumbar and related symptoms by comparing them with the medical opinions in the record. (Tr. 95-7).  Thus, the Court finds that the MRI does not dilute the record to such an extent that the ALJ's determination became insufficiently supported.  Consequently, there was no error and remand is not required.

### B.  **"Excessive" Noise Intensity and Bright Light**

Next, Fowler argues that the ALJ errored by using the term "excessive" in the RFC determination regarding exposure to noise and light, as it is not one of the five listed noise intensity levels. (Pl.'s Br. at 7-8).  Fowler asserts that the term is vague and undefined and thus precludes meaningful review. *Id.*  In response, the Commissioner argues that Fowler failed to timely object to the use of "excessive," and that Fowler fails to provide evidence to support the proposition that the VE's testimony was incorrect based on a misunderstanding of the term. (Defendant's Response

7

("Def.'s Resp.") at 5).  To counter the Commissioner's arguments, Fowler cites SSR 96-9p, 1996 WL 374185 *9 n.8 (S.S.A. July 2, 1996), for the proposition that a claimant has an absolute right to review and respond to the vocational evidence prior to the issuance of a decision.  (Plaintiff's Reply at 5).

In this case, Fowler did not raise an objection to the use of the term excessive during the taking of the VE's testimony.  (*See* Tr. 218-20).  Further, Fowler has presented no evidence that he raised an objection prior to the issuance of the ALJ's decision.  Accordingly, Fowler failed to raise the issue of an alleged conflict by use of the term "excessive" and, thus, deprived the ALJ of a chance to address it.  *Jasso v. Barnhart*, 102 F. Appx. 877, 878 (5th Cir. 2004).  Plaintiff should not now "be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000).  Moreover, Fowler does not present any evidence to show that the VE's testimony regarding the jobs that Fowler could perform was inconsistent with his light and sound limitations. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) ("[W]here the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof").  Accordingly, remand is not required as to this issue.

C.      **Credibility Determination**

Finally, Fowler argues that the ALJ did not provide a legally sufficient analysis of his subjective symptoms.  (Pl.'s Br. at 8-9.)  Specifically, Fowler alleges that the ALJ failed to specifically consider all of the credibility factors set forth by the Commissioner. (Pl.'s Br. at 8-9).

In evaluating a claimant's subjective complaints, the ALJ first considers whether there is a medically determinable impairment that could reasonably be expected to produce the claimant's

symptoms. 20 C.F.R. § 404.1529(b); SSR 16-3P, 2017 WL 5180304, at *3. Once he finds impairment, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms on the claimant's ability to do basic work activities. 20 C.F.R. § 404.1529(c); SSR 16-3P, 2017 WL 5180304, at *4 (S.S.A. Oct. 25, 2017). A claimant's statements about pain and other symptoms are not conclusive evidence of disability, but must be accompanied by medical signs and findings of a medical impairment that could reasonably be expected to produce the pain or other symptoms alleged and that would lead to the conclusion that she is disabled. 42 U.S.C. § 423(d)(5)(A). A claimant's testimony must be consistent with the objective medical evidence and other available evidence. 20 C.F.R. § 404.1529.

In all cases in which pain or other symptoms are alleged, the administrative decision must contain a thorough discussion and analysis of both the objective medical and other evidence in the record, including the individual's complaints of pain or other symptoms and the adjudicator's own observations. SSR 16-3P, 2017 WL 5180304, at *10-11. When assessing the credibility of an individual's statements, the ALJ considers, in addition to the objective medical evidence, the following: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, which the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional capacity, limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 16-3P, 2017 WL 5180304, at *7-8. An ALJ's unfavorable credibility evaluation will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective

medical evidence and articulates reasons for discrediting the claimant's subjective complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988); *see Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

In evaluating Fowler's credibility, the ALJ first set out the standard and then stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 95). The ALJ then carefully analyzed the evidence in the record, including the medical evidence, and Fowler's own testimony. (Tr. 95-7). The ALJ considered numerous factors, as required, in making his credibility decision, including Fowler's daily activities, back pain, shoulder pain, hypertension, joints, degenerative disc disease, migraine headaches, medications, and other severe and non-severe disabilities. (*Id.*) While the ALJ may not have specifically referenced every one of the credibility factors, it is obvious that the ALJ considered them during all parts of the determination. Accordingly, remand is not required as to this issue.

## RECOMENDATION

It is recommended that the Commissioner's decision be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 3, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 19, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

11